UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Michael Clyde Williams, #10290-021,   ) C/A No.: 9:11-3471-RMG-BM
                               Petitioner,   )
vs.   ) Report and Recommendation
Mildred Rivera, Warden,   )
                               Respondent.   )

Petitioner, Michael Clyde Williams, proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241, seeking a reduction in his federal sentence. Petitioner is incarcerated at FCI-Estill, located in the State of South Carolina. Petitioner is challenging his federal sentence pursuant to Section 2241 because he alleges a motion to vacate pursuant to 28 U.S.C. § 2255 is inadequate and ineffective because "the time for filing such motion has expired."

The record reflects that Petitioner was convicted and sentenced in the Southern District of Georgia, Savannah Division, for distribution of crack cocaine, and was sentenced to 224 months imprisonment in April 2000 after a plea of guilty. He alleges he did not file a direct appeal. Petitioner asks this Court to re-sentence him without enhancements and receive "credit for all time served to date," alleging that he is entitled to be re-sentenced because he received a sentence enhancement that "was invalid and not in conformity with 21 U.S.C. § 851(A)(1) because he never received, as required by such section[,] any notice of a possible enhancement prior to entering his guilty plea in this matter." Petitioner raised this issue in a Section 2255 motion, which was denied in August 2001.

In support of this argument, Petitioner cites to, *inter alia*, *U.S. v. Ladson*, 642 F.3d 1335 (11th



1

Cir. 2011). In *Ladson*, the Eleventh Circuit Court of Appeals found that Ladson was not served before trial with a copy of the information in accordance with § 851(a)(1), and therefore the district court lacked authority to impose an enhanced sentence on Counts 1 and II under 21 U.S.C. §§ 841(as)(1), 841(b)(1)(A), (C), and 846. Section 841(b)(1) prescribes enhanced sentences for recidivist drug offenders, and to obtain an enhanced sentence the government must comply with Section 851(a)(1). Therefore, in *Ladson*, the Court affirmed the judgment of conviction but vacated the sentence on Counts I and II, and remanded for re-sentencing on those Counts without the 851 sentence enhancement. Petitioner maintains he is entitled to the same treatment.

## **DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* pleading pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, and the holding in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972)(pro se complaints held to less stringent standards than formal pleadings drafted by lawyers). Even when considered under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Prior to the enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting



cases). Now, "[a] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994). Therefore, since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead, supra*.

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". *Dumornay v. United States*, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Dumornay*, *supra, citing United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Dumornay*, *supra, citing Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964). Therefore, in order to go forward with a Section 2241 petition, the Petitioner must establish that a second or successive § 2255 motion would be inadequate or ineffective. Notably, however, if a prisoner's § 2255 motion is denied by a sentencing court, the



denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. *Williams*, *supra*. *See also In re Avery W. Vial* 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); *Atehortua v. Kindt*, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000). The Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, *supra* @ 333-334. Petitioner fails to meet all the prongs of this test. Specifically, Petitioner has not established that the substantive law has changed such that the conduct of which he was **convicted** has been deemed not to be criminal. Indeed, Petitioner clearly attacks his **sentence** in this Section 2241 Petition. "Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir.2008). Since the substantive law has not changed such that Petitioner's conduct is now "deemed not to be criminal," as the second-prong of the *Jones* test requires, this Court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

4



Since the petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence, thereby allowing him to file a § 2241 petition, this matter must be dismissed. Petitioner is not without a remedy, however. He may seek leave to file a second or successive Section 2255 motion from the Eleventh Circuit Court of Appeals.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Bristow Marchant
United States Magistrate Judge

February 22, 2012
Charleston, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

