IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Michael Clyde Williams, #10290-021 )
)
   Petitioner, )  Civil Action No.: 9:11-3471-RMG
)
vs. )
)  **ORDER**
Mildred Rivera, Warden, )
)
   Respondent. )
_____ )

  In this case, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On February 22, 2012, the Magistrate issued a Report and Recommendation finding that the petition for writ of habeas corpus was plainly without merit and recommending that the petition be dismissed without prejudice and without issuance and service of process. (Dkt. No. 10). In the Report and Recommendation, the Magistrate carefully explained the procedure for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 6). Nevertheless, Petitioner filed no objections to the Magistrate's Report and Recommendation. As explained herein, the Court adopts the Magistrate's Report and Recommendation and dismisses Petitioner's petition without prejudice and without issuance and service of process.

## Discussion

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a

1

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Petitioner fails to file any specific objections, as in this case, the Magistrate Judge's conclusions may be reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner, who is currently incarcerated in Estill, South Carolina, was previously convicted for distribution of crack cocaine and was sentenced to 224 months imprisonment by the Southern District of Georgia, Savannah Division. (Dkt. No. 1-2 at 1). In his petition, Petitioner states that he previously filed a motion challenging his conviction pursuant to 28 U.S.C. § 2255 with the Southern District of Georgia, but his motion was denied in August of 2001. (Dkt. No. 1 at 2). Having been unable to successfully challenge his conviction pursuant to 28 U.S.C. § 2255, Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1-1). However, Petitioner's challenge to his sentence must be brought pursuant to 28 U.S.C. § 2255, if at all. "[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (internal citations omitted). While 28 U.S.C. § 2255 has a savings clause which permits a prisoner to challenge a federal conviction pursuant to § 2241 where a § 2255 motion is

"inadequate or ineffective" to test the legality of a prisoner's detention, *see* 28 U.S.C. § 2255(e), a prisoner must meet the specific requirements set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), to pursue a § 2241 petition pursuant to this savings clause. In *In re Jones*, the Fourth Circuit held that, in order to challenge a sentence pursuant to the savings clause of § 2255(e), a petitioner must show "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34.

Here, Petitioner has not alleged that the substantive law changed such that the conduct for which he was convicted is no longer criminal. Rather, Petitioner argues a § 2255 motion is inadequate and ineffective because "the time for filing such a motion has expired." (Dkt. No. 1 at 3). The fact that a § 2255 motion is time barred, however, does not render a § 2255 motion "inadequate or ineffective" for purposes of the savings clause of § 2255(e). *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (holding that the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion). Thus, Petitioner is not allowed to challenge his conviction pursuant to 28 U.S.C. § 2241, and Petitioner's petition must be dismissed. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (holding that district courts are charged with the duty of independently screening habeas corpus petitions and dismissing those actions that plainly lack merit).

## Conclusion

Fore the foregoing reasons, Petitioner's petition for writ of habeas corpus is dismissed without prejudice and without issuance and service of process.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 2⋁, 2012
Charleston, South Carolina

4